

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2008

# USA v. Carter

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1111

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Carter" (2008). *2008 Decisions.* Paper 482.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/482

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1111

_____

UNITED STATES OF AMERICA

v.

CURTIS CARTER,

Appellant

_____

On Appeal from United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cr-00347-3)
District Judge: Honorable Alan N. Bloch

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 12, 2008

_____

Before: SLOVITER, FUENTES and ALDISERT, Circuit Judges

(Filed September 26, 2008)

_____

OPINION

_____

ALDISERT, <u>Circuit Judge</u>

In his appeal from conviction and sentence for conspiracy to possess with intent to distribute 500 grams or more of cocaine under 21 U.S.C § 846, Curtis Carter makes three arguments: (a) that the United States District Court for the Western District of Pennsylvania abused its discretion in admitting evidence of his marijuana distribution; (b) that the District Court clearly erred in making certain findings relating to its calculation of Carter's sentence; and (c) that the sentence imposed was unreasonable. We affirm.

I.

The District Court acted well within its discretion in admitting evidence of Carter's marijuana distribution. Carter contends that the District Court should have applied the balancing test articulated in <u>United States v. Sampson</u>, 980 F.2d 883 (3d Cir. 1992). Because the evidence of marijuana distribution was direct evidence of Carter's relationship with his co-conspirators, rather than evidence of "other acts," <u>Sampson</u> is not relevant here. <u>Sampson</u> applies only to evidence admitted under Rule 404(b), Federal Rules of Evidence. <u>Id.</u> at 886.

II.

We are not impressed by Carter's assertion that the District Court made several errors at sentencing: (a) improperly calculating the amount of cocaine Carter was responsible for distributing; (b) enhancing Carter's base offense level by four levels under U.S.S.G. § 3B1.1(a); and (c) further enhancing Carter's sentence based upon a

determination of obstruction of justice.

A.

The District Court found that Carter was responsible for distributing over 15 kilograms of cocaine pursuant to U.S.S.G. § 2D1.1. Fact finding by a judge shall not be set aside "unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." Rule 52(6), Federal Rules of Civil Procedure. "Clearly erroneous" has been interpreted to mean that a reviewing court may upset a finding of fact, even if there is some evidence to support the finding, only if the court is left with "the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). This means the appellate court must accept the factual determination of the fact finder unless that determination "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir. 1972).

Testimony of several witnesses established that Carter trafficked more than 15 kilograms of cocaine, and the District Court determined that these witnesses were "very credible." App. 575. We accord "great deference to a presiding judge's credibility determinations in sentencing proceedings because she is able to directly observe a testifying witness's tone and demeanor." United States v. Leekins, 493 F.3d 143, 150 (3d

3

Cir. 2007).

B.

Carter contends that the District Court erred in enhancing his offense level by four levels under U.S.S.G. § 3B1.1(a). Under § 3B1.1(a), the sentencing court may increase the offense level by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). A "defendant must have been the organizer, leader, manager, or supervisor of one or more other participants" to qualify for this enhancement. Id. § 3B1.1, cmt. n. 2.

The District Court concluded that Carter qualified for an enhancement under § 3B1.1(a). Sufficient evidence indicates that Carter functioned as a leader and organizer of an extensive cocaine distribution conspiracy involving more than five participants. He organized trips to Columbus, Ohio, to obtain large amounts of cocaine for his co-conspirators and orchestrated sales between co-conspirators when he was out of town. See App. 288-290. He also exerted control over the participants of the conspiracy when he excluded a co-conspirator from the enterprise because the co-conspirator attempted to sell Carter's cocaine back to Carter at a higher price. Id. at 442-443.

C.

We are satisfied with the District Court's finding that Carter obstructed justice

4

pursuant to § 3C1.1. Obstruction of justice under U.S.S.G. § 3C1.1 includes "threatening, intimidating, or otherwise unlawfully influencing a . . . witness . . . directly or indirectly, or attempting to do so." U.S.S.G. § 3C1.1, cmt. n. 4(a). Carter threatened a government witness when, in a voice message for a witness, he said, "loose lips sink ships" and "you should be running instead of running your mouth." App. 292. The following exchange about those statements occurred between the witness and the prosecution:

> Q. And how did you take that? What did you interpret that to mean? Did you consider it a threat?
>
> A. Yes.

Id. at 295.

### III.

The District Court gave meaningful consideration to the 18 U.S.C. § 3553(a) factors and concluded that Carter's sentence was reasonable. The burden to show unreasonableness rests on the party challenging the sentence, and this Court gives deference to a district court's judgment on whether sentencing was reasonable under § 3553(a). United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006). A district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or record its consideration of each factor. Instead, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors." Id. at 329.

Here, the District Court considered "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need

5

for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," id. § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(B); and "the need for the sentence imposed to protect the public from further crimes of the defendant," id. § 3553(a)(2)(C). See App. 543, 568-577.

\* \* \* \* \*

We have considered all of the contentions presented by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be affirmed.

6